## HIDE & LEATHER NATIONAL BANK ET AL.
### v.
### JACOB REHM, ASSIGNEE.

*Assignment—Confession of Judgment—Validity of—Jurisdiction—Appeals from County Court.*

1. Upon appeal from a decretal order of the County Court in the matter of an assignment, this court holds that the evidence sustains the finding of the court below that the insolvent had formed the determination and was preparing to make the assignment when he gave the notes and warrants of attorney on which judgments were confessed.

2. An appeal lies to this court from the County Court.

[Opinion filed August 8, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. RICH & STONE, for the Hide and Leather National Bank and Charles F. Grey, appellants.

Mr. H. H. ANDERSON, for Edward Moll, appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

Messrs. WILE & REED, WASHBURN & BOWMAN and BUTZ & ESCHENBURG, for various creditors.

Mr. ADOLPH MOSES filed a brief in opposition to the motion to dismiss the appeal.

McAllister, J.   This is an appeal from the decretal order of the County Court in the matter of the assignment of J. W. Weber, under the act concerning voluntary assignments, declaring the several judgments against said Weber, January 13, 1887, upon notes and warrants of attorney of that date, and the execution liens thereunder, to be unlawful preferences and as such restraining their enforcement.

It appears that said notes were respectively given for *bona fide*, but unmatured indebtedness from Weber to the several parties appellant; that the several judgments were entered up about five o'clock of the afternoon of that day and the executions issued thereon were respectively levied upon all the property of Weber about six o'clock the same evening; and on the morning of the next day the assignment in question from Weber to Rehm was executed and recorded.

Certain of the unpreferred creditors of Weber filed their petition in the County Court alleging that Weber, before and at the time of giving said judgment notes, had determined and formed the purpose of making a disposition of all his property and an assignment, and that he had such assignment in contemplation; that he carried such purpose into effect by making such assignment on the day following that of giving said notes and warrants of attorney; wherefore the same constituted a part of said assignment and unlawful preferences in favor of appellants.   That presented the principal issue; but, as incident thereto, it was also an issue whether Weber was, at the time in question, insolvent and knew it. Upon the hearing on pleadings and proofs much evidence was introduced, the witnesses, including Weber, being examined as such in the presence of the court.   The court found for the petitioners upon all the issues involved and made the order appealed from.

Upon this appeal, aside from an objection that the court erred in admitting testimony against appellants' objection tending to prove such insolvency and knowledge on the part of Weber, the only contention on behalf of appellants is, that the finding of the court that Weber contemplated making an assignment before and at the time of making said notes and

warrants of attorney, was against the preponderance of the evidence. We have examined and duly considered all the evidence and are brought to the conclusion that the finding of the court is supported by the evidence; that there is such a chain of facts and circumstances welded by the evidence as to leave no reasonable doubt in the mind of an impartial investigator that Weber had formed the determination and was preparing the way to making such assignment before he gave the appellants the notes in question. The case is entirely distinguishable in its facts from that of Field v. Geohegan, 14 West. Rep. 387.

It would be a task, as useless as onerous, to undertake to state and discuss the evidence in this voluminous record. We think the order should be affirmed.

A motion was made to dismiss the appeal on the ground that an appeal from the County Court to this court is unauthorized by the statute. We are of opinion that, under the statutes as they now are, such appeal is authorized, but shall not waste time by setting out and analyzing such statutes.

*Order affirmed.*